Filed 5/30/14  P. v. Henderson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HERBERT LEE HENDERSON,<br><br>Defendant and Appellant. | A140522<br><br>(Contra Costa County<br>Super. Ct. No. 05-971714-1) |

Appellant Herbert Lee Henderson appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (the Reform Act) (Pen. Code, § 1170.126).

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention. Although appellant personally requested an extension of time within which to file a supplemental brief, which we granted, that time has now expired and no brief has been filed.

Preliminarily we must address two procedural issues this appeal presents.  Firstly, since enactment of the Reform Act, courts have been struggling with the question of whether orders denying relief under the Reform Act are appealable.  Several conflicting

1

decisions from the intermediate appellate courts of this state that decided this issue are currently on review before our Supreme Court. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, 311, review granted July 31, 2013, S211708 [concluding that denial of a petition under the Reform Act is nonappealable because the Act confers no substantial rights on eligibility issue, which is "based on express objective criteria"]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, 945, review granted July 31, 2013, S212017 [concluding that a denial of a petition under the Reform Act is appealable because the Act confers a "substantial right"]; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264 [concluding that a trial court's order regarding an inmate's eligibility to seek relief under the Reform Act does not affect "substantial rights," and thus is nonappealable].)

One of these cases currently on review with the Supreme Court was decided by this division last October (*People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2014, S214844 (*Wortham*)), in which we held that denial orders under the Reform Act *are* appealable. Unless and until our Supreme Court decides otherwise, we will continue to follow the rationale in *Wortham* and entertain such appeals.

Secondly, if an order denying relief under the Reform Act is generally appealable, can an appellant seek independent review of that proceeding by this court under *Wende*, *supra*, 25 Cal.3d 436, or *Anders v. California* (1967) 386 U.S. 738? At least one court very recently has answered this subsidiary question "no." (*People v. Anderson* (2013) 225 Cal.App.4th 1368.) However, out of an abundance of caution, particularly in light of the fact that the time to petition for Supreme Court review in *Anderson* has not expired, we will review independently the proceeding below in this case.[1]

Accordingly, we have reviewed the whole record pursuant to *Wende*, *supra*, 25 Cal.3d 436. Having done so, we conclude that there is no arguable issue on appeal.

---

[1] We note, too, that in *Wortham*, after concluding a denial of relief under the Reform Act was appealable, this court conducted an independent review of the record for error under *Wende*, but without deciding whether such independent review was required.

**Procedural and Material Factual Background of Case**

Appellant was found guilty of robbery (Pen. Code, §§ 211, 212.5, subd. (c)), [2] attempted robbery (§§ 211, 212.5, subd. (c), 664) and burglary (§§ 459, 460, subd. (b)), following a court trial in 1998. As a result, he was sentenced to 35 years to life under the three strikes law. The prior strikes found to be true in 1998 were a burglary conviction in 1991 and a robbery conviction in 1985.[3]

Appellant appealed the 1998 judgment (A082190), requesting this court conduct an independent review of the record for error under *Wende*, *supra*, 25 Cal.3d 436. No prejudicial errors were found upon independent review, and the convictions and judgment were affirmed.

Thereafter, pro. per. writs of habeas corpus were filed in, and denied by, the Superior Court on June 2, 2003, July 16, 2003, December 8, 2005, and January 2, 2007.

Appellant appears to have filed the current pro. per. motion for resentencing under the Reform Act on September 22, 2013. There was no response from the prosecution, although the trial court denied the motion in a written decision on October 30, 2013, concluding that appellant's prior strikes, as well as his 1998 conviction for robbery, made him ineligible for relief under section 1170.126.

On November 22, 2013, appellant timely filed this appeal.

**Conclusions Based Upon Independent Record Review**

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We conclude that the trial court's ruling on appellant's motion was legally correct and was supported by substantial evidence. (See §§ 1170.126, subd. (c), 667.5, subd. (c)(9), 1192.7, subds. (c)(18), (19).)

**DISPOSITION**

The judgment is affirmed.

---

[2] All further undesignated statutory references are to the Penal Code.

[3] Appellant's motion to strike his prior convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) was also denied on March 5, 1998.

_____

RUVOLO, P. J.


We concur:


_____

REARDON, J.


_____

RIVERA, J.

4